UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CURTIS BESS,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Petitioner,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　　　　　　:　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　　　　　:　18-CV-786 (WFK) (LB)
SUPERINTENDANT P. CHAPPIUS,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Respondent.　　　　　　　　:
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Curtis Bess ("Petitioner"), proceeding *pro se*, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his conviction for Murder in the Second Degree and Assault in the First Degree. ECF No. 1. Petitioner raises four claims: (1) he was arrested on Rikers Island by New York City Police Department ("NYPD") officers without a warrant or probable cause; (2) ineffective assistance of trial counsel for failing to have the hearing court consider a suppression motion based on a lack of probable cause; (3) ineffective assistance of trial counsel for failing to argue that the Rikers Island officers had no right to hold Petitioner before the NYPD officers arrested him; and (4) ineffective assistance of trial counsel for declining the hearing court's offer to have the jury harmonize its verdict, which he claims was inconsistent and repugnant. Petition. at 5-11.[1] For the reasons discussed below, the Petition is DENIED in its entirety.

## BACKGROUND

### I. The Offense, Conviction, and Sentencing

On September 7, 2011, after smoking crack with Floyd Hepburn, Petitioner accompanied Hepburn to Hepburn's apartment. Resp. Opp. at 1. After smoking crack again, Petitioner stabbed Hepburn and Hepburn's companion, Tawana Granville, multiple times in the head and neck and allegedly took money from Hepburn's pockets. *Id*. at 2. Granville suffered a stab wound that severed her spinal cord and a bite mark on her leg. *Id*.; R. 731-33, 743-45.[2] She

---

[1] Page citations to the Petition and Respondent Affidavit refer to the PDF page number of the ECF docket entry.
[2] Citations to "R." refer to the State Court Record ECF No. 24-1. Citations to the record follow the pagination assigned by the Electronic Court Filing system.

1

later died at the scene. Resp. Opp. at 2. Hepburn suffered a punctured lung as well as life-threatening injuries to his neck and was hospitalized for several days. R. 327-35.

On September 13, 2011, Hepburn identified Petitioner in a photo array. R. 37-38, 98-101. On September 16, 2011, Petitioner was picked up by two NYPD detectives from Rikers Island, where Petitioner had completed a sentence for an unrelated case, and subsequently questioned. R. 39-44. Petitioner admitted to being at Hepburn's apartment at the time of the attack but claimed he picked up and swung a sharp object in self-defense because Hepburn and another individual attacked him. Resp. Opp. at 2.

Petitioner was charged under Kings County Indictment Number 2152/2013 with Murder in the Second Degree in violation of New York Penal Law ("NYPL") §§ 125.25(1) and (3), Attempted Murder in the Second Degree in violation of NYPL §§ 110.00 and 125.25(1), Assault in the First Degree in violation of NYPL § 120.10(1), Assault in the Second Degree in violation of NYPL § 120.05(2), Robbery in the First Degree in violation of NYPL §§ 160.15(1) and (3), Criminal Possession of a Weapon in the Third Degree in violation of NYPL § 265.02(1), and Criminal Possession of a Weapon in the Fourth Degree in violation of NYPL §§ 265.01(1) and (2) . Resp. Opp. at 2, ECF No. 24.

Prior to trial, Petitioner's counsel, Mr. Bandelli, argued at a suppression hearing that (1) the police had improperly picked up Petitioner at Rikers Island while he was still serving a prior unrelated sentence, (2) the police violated Petitioner's right to counsel because he was still incarcerated on a prior case, and (3) Petitioner's statements to the police were involuntary. R. 102-10. The trial court declined to suppress Petitioner's statements, finding there was probable cause to arrest Petitioner, the identification procedure was not suggestive, and Petitioner's statements were voluntary. The court also held Petitioner's right to counsel was not violated

2

because Petitioner was not in custody on a pending charge, but rather was picked up and questioned after being released from serving a sentence. Pre-Trial Suppression Ruling, ECF No. 24-2.

At the conclusion of the trial, Petitioner was found guilty of one count of Murder in the Second Degree in violation of NYPL § 125.25(1) and Assault in the First Degree in violation of NYPL § 120.10(1). Petitioner was acquitted of the second count of Murder in the Second Degree in violation of NYPL § 125.25(3), Attempted Murder in the Second Degree in violation of NYPL §§ 110.00 and 125.25(1), two counts of Robbery in the First Degree in violation of NYPL §§ 160.15(1) and (3), and Criminal Possession of a Weapon in the Third Degree in violation of NYPL § 265.02(1). R. 1028-30. The trial court asked Petitioner's counsel if he wanted the jury to "harmonize their verdicts" due to the "dramatic tension between the conviction for first degree assault and the acquittal of criminal possession of a weapon in the third degree," and Petitioner's counsel declined. R. 1033. On May 22, 2013, Petitioner was sentenced to terms of incarceration of 20 years to life for the charge of Murder in the Second Degree and 20 years for the charge of Assault in the First Degree, with the sentences running consecutively. R. 1048.

## II. Post-Conviction Activity

In June 2015, Petitioner appealed his conviction to the New York State Appellate Division, Second Department ("Second Department"), alleging: (1) the People failed to prove Petitioner's guilt beyond a reasonable doubt and the verdict was against the weight of the evidence because (a) the jury acquitted Petitioner of possessing the weapon purportedly used to commit the stabbings and (b) Petitioner's account of self-defense was more plausible than the People's theory; (2) trial counsel was ineffective when he: (a) declined the opportunity for the

jury to reconsider its factually inconsistent verdict as resubmission posed no risk and was potentially beneficial to Defendant's case; (b) elicited prior consistent statements from the complainant, Hepburn, that bolstered his credibility; and (c) failed to object to the prosecutor's comments that appealed to the jury's sympathy and denigrated the defense; (3) Petitioner was denied his due process right to a fair trial by the admission of an unnecessary and bloody photo of Granville; and (4) Petitioner's aggregate sentence was excessive in light of his addiction and background.  Brief for Defendant-Appellant ("Pet. App. Br."), ECF 24-3.  The Second Department also granted leave for Petitioner to file a pro se supplemental brief in which he claimed his trial counsel, Mr. Bandelli, was ineffective because counsel failed to (1) investigate the policies and procedures of the New York City Department of Corrections ("DOC"); (2) call Rikers Island officers to testify at the pre-trial suppression hearing; and (3) argue there was no probable cause for Petitioner's arrest.  Pro Se Supplemental Brief of Defendant-Appellant ("Pet. Supp. Br."), ECF No. 24-4.

On September 21, 2016, the Second Department affirmed Petitioner's conviction.  *People v. Bess*, 142 A.D.3d 1098 (N.Y. App. Div. 2d Dep't 2016).  First, the Second Department held Petitioner's legal sufficiency claim was not preserved for appellate review, and even if had been, there was legally sufficient evidence to establish Petitioner's guilt beyond a reasonable doubt, the verdict was not against the weight of the evidence, and the main prosecution witness was credible.  *Id*. at 1099.  The Second Department also held the photo of the deceased victim was properly admitted into evidence.  *Id*. at 1100.  The appellate court concluded Petitioner's ineffective assistance of counsel claim was a mixed claim of matters appearing both on and off the record, and it was not clear from the matters appearing on the record that defendant was deprived of the effective assistance of counsel.  *Id*.  The Second Department therefore stated a

proceeding under CPL § 440.10 was the appropriate forum for reviewing the ineffective assistance of counsel claim in its entirety. *Id*. Lastly, the Second Department held Petitioner's sentence was not excessive. *Id*. On December 12, 2016, the New York Court of Appeals denied Petitioner leave to appeal. *People v. Bess*, 28 N.Y.3d 1123 (N.Y. 2016).

On July 17, 2017, Petitioner filed a motion to vacate his conviction pursuant to CPL §§ 440.10(1)(d) and (h), arguing that he received ineffective assistance of counsel. Petitioner claimed: (1) trial counsel's performance was so deficient that it amounted to no representation or resulted in such prejudice that Petitioner's right to effective assistance of counsel was violated; (2) trial counsel was ineffective for failing to investigate DOC policies and procedures, failing to call the Rikers Island officers who held Petitioner, and failing to raise a claim of jurisdictional interventions; and (3) trial counsel was ineffective for declining to request the jury reconsider its inconsistent verdict and for failing to request a curative instruction. Petitioner's Motion to Vacate the Judgment ("Mot. to Vacate"), ECF No. 24-8.

The instant pro se petition was filed in this court on February 2, 2018. *See* Petition. On February 9, 2018, Petitioner filed a motion to stay his petition until the exhaustion of his remedies in state court. ECF No. 6. The Court granted this request on April 9, 2018.

On October 7, 2019, the New York Supreme Court found Petitioner's ineffective assistance of counsel claims meritless and denied his motion to vacate his conviction under CPL § 440.10 in its entirety. Order Denying Petitioner's Motion to Vacate the Judgment ("Order Denying Mot. to Vacate"), ECF No. 24-10. Petitioner's application for leave to appeal the denial of his § 440.10 motion to the Appellate Division was denied on October 7, 2020, and his motion to reargue was denied on December 21, 2020. Resp. Opp. 6; Order Denying Leave to Appeal, ECF No. 24-11; Order Denying Leave to Reargue, ECF No. 24-11.

5

Petitioner's application under 28 U.S.C. § 2254, seeking a writ of habeas corpus, contends: (1) Petitioner was detained and arrested on Rikers Island by Rikers Island officers without a warrant or probable cause; (2) trial counsel was ineffective for failing to ensure that a *Dunaway* hearing was conducted as part of the pretrial suppression hearings; (3) trial counsel was ineffective for failing to argue at the pretrial suppression hearings that the Rikers Island officers had no right to detain Petitioner without a warrant; and (4) trial counsel was ineffective for declining the trial court's offer to have the jury "harmonize" the verdict, which Petitioner argues was inconsistent and repugnant. Petition at 5-11.

## LEGAL STANDARD

The Court's review of the Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As here, when the petitioner's claims have been rejected on the merits by a state court, the court "may grant [a] writ [of habeas corpus] only if that decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or if the decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *McCormick v. Jacobson*, No. 16-CV-1337 (ERK) (LB), 2021 U.S. Dist. LEXIS 240512, at *6 (E.D.N.Y. Dec. 16, 2021) (Korman, J.) (quoting 28 U.S.C. § 2254(d)). Judicial review under the "unreasonable application" prong is "extremely deferential," and a "'state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.'" *Id.* (quoting *Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015)).

# DISCUSSION

**I. Petitioner's claim he was detained and arrested without a warrant or probable cause is not cognizable under federal habeas review.**

Petitioner contends he was illegally seized when he was detained by detectives on the date of his release from Rikers Island. Petition at 5. However, Petitioner's claim of illegal seizure is not cognizable under federal habeas review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas review . . . ." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Robinson v. New York State Div. of Parole*, No. 11-CV-4454 (PKC), 2018 WL 4762250, at *6 (E.D.N.Y. Oct. 2, 2018) (Chen, J). The Second Circuit has determined Fourth Amendment claims may only be reviewed if the state did not provide any corrective procedures to redress allegations of Fourth Amendment violations or if the petitioner was precluded from using the corrective procedure due to an unconscionable breakdown in the process. *Taylor v. Eckert*, No. 20-CV-6522 (FPG), 2022 WL 901605, at *5 (W.D.N.Y. Mar. 28, 2022) (quoting *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992)); *see also Munford v. Graham*, 467 F. App'x 18, 19 (2d Cir. 2012) (summary order); *Blake v. Martuscello*, No. 10-CV-2570 (MKB), 2013 WL 3456958, at *5 (E.D.N.Y. July 8, 2013) (Brodie, J.).

Petitioner argues the trial court foreclosed any attempt by Petitioner to challenge the legality of his arrest when it converted the *Dunaway* and *Wade* hearing to a *Wade* and *Huntley* proceeding.[3] Petitioner's claims are belied by the record. In fact, the trial court had a hearing on

---

[3] A *Dunaway* hearing is used to determine whether there was probable cause to arrest a defendant. *Dunaway v. New York*, 442 U.S. 200 (1979). A *Wade* hearing is used to determine whether a witness identification procedure was unduly suggestive. *See United States v. Wade*, 388 U.S. 218, 232 (1967). A *Huntley* hearing is used to determine whether a defendant's statements to law enforcement were voluntary. *See People v. Huntley*, 15 N.Y.2d 72, 255 (1965).

this very topic at which the court discussed the "*Dunaway* issue". R. 40. Petitioner was therefore not precluded from inquiring whether there was probable cause to arrest him. Because Petitioner had an opportunity to litigate his Fourth Amendment claims regarding his allegedly illegal seizure, these claims are not cognizable under federal habeas review and are denied.

**II. Petitioner's ineffective assistance of trial counsel claims are meritless.**

Petitioner contends in his remaining claims that he received ineffective assistance of counsel during the suppression hearings and when the verdict was returned. Petitioner's claims are meritless and provide no basis for relief.

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. In reviewing a state court's application of the *Strickland* standard, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court." *Harrington v. Richer*, 562 U.S. 86, 101 (2011). "Moreover, because the Strickland standard 'is a general standard, a state court has even more latitude [under Section 2254(d)(1)] to reasonably determine that a defendant has not satisfied that standard.' Given this wide latitude, the Supreme Court has characterized the standard of judicial review applicable to ineffective assistance of counsel claims under § 2254(d)(1) as 'doubly deferential.'" *Moreno v. Smith*, No. 06-CV-4602 (KAM), 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Therefore, a finding that defense counsel met the

8

*Strickland* standard is dispositive of Petitioner's AEDPA claim for ineffective assistance of counsel.

Under *Strickland*, in order to prevail on an ineffective assistance of counsel claim, a defendant must show: (1) counsel's performance was so deficient that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690; and (2) "the deficient performance prejudiced the defense," *id.* at 687, such that "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno*, 2010 WL 2975762 at *15 (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . . A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

To establish prejudice under the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

### A. Claims Pertaining to Arrest and Suppression Hearing

9

Petitioner argues his trial counsel failed to (1) raise Petitioner's argument that he was arrested and detained without probable cause or a warrant at the suppression hearing, (2) argue the Rikers Island Corrections officers had no right to detain him without a warrant, (3) call the Rikers Island officers who detained Petitioner, and (4) argue Petitioner's statements should have been suppressed as fruit of the poisonous tree from his illegal detention.  Petition at 7-9; Petitioner's Reply at 5-8, ECF No. 28.  Both the Second Department and the trial court found Petitioner's ineffective assistance of counsel claims to be meritless.  *People v. Bess*, 142 A.D.3d at 1100; Order Denying Mot. to Vacate at 4.  Their determinations are not contrary to or an unreasonable application of federal law.

Fourth Amendment issues may be reviewed by a federal habeas court where these issues provide the basis for a Sixth Amendment ineffective assistance of counsel claim.  *Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986).  To prevail, Petitioner must also demonstrate the Fourth Amendment allegations are meritorious, and there is a reasonable probability the outcome "would have been different absent the excludable evidence."  *Rodriguez v. United States*, No. 13-CR-85 (PKC), 2021 WL 4078621, at *7 (E.D.N.Y. Sept. 8, 2021) (Chen, J.) (quoting *Kimmelman*, 477 U.S. at 375); *see also Porter v. Keyser*, No. 17-CV-7465 (CBA), 2020 WL 7625685, at *6 (E.D.N.Y. Dec. 22, 2020) (Amon, J.).

Petitioner's ineffective assistance of counsel claims stemming from his Fourth Amendment allegations are meritless.  Trial counsel's performance was not deficient, nor did it fall below the objective standard for reasonableness.  *Strickland*, 466 U.S. at 688.  Mr. Bandelli made reasonable efforts to ensure the court considered Petitioner's probable cause claims.  Mr. Bandelli informed the trial court at the very beginning of the hearing that a prior judge had ordered a *Dunaway* hearing, stating to the trial court, "Judge, first of all, Judge Firetog was

aware of all of these acts at the time he ordered the Wade/Dunaway." R. 7.  Mr. Bandelli also questioned the authority to detain Petitioner: "[C]learly there is a violation of my client's constitutional rights by virtues of the fact that Rikers Island and this detective decided they were going to handle this matter without involving the Court." R. 108.  Petitioner's claims of ineffective assistance of counsel are unsupported by the record, which demonstrates that Mr. Bandelli raised to the trial court the issue of whether Petitioner's arrest and detainment were permissible.

      Trial counsel's decision not to call the Rikers Island officers who detained Petitioner may be construed as a strategic tactic that does not fall below the object standard of reasonableness. *Strickland*, 466 U.S. at 689.  "[T]he decision of whether to call any witnesses on behalf of a defendant, and which witnesses to call or omit to call, is a tactical decision which ordinarily does not constitute incompetence as a basis for a claim of ineffective assistance of counsel." *Parks v. Sheahan*, 104 F. Supp. 3d 271, 286 (E.D.N.Y. May 15, 2015) (Kuntz, J.) (citation and quotation marks omitted); *see also Lumiere v. United States*, No. 16-CR-483 (JSR), 2022 WL 866365, at *21 (S.D.N.Y. Jan. 18, 2022) (Moses, Mag. J.) ("A trial lawyer's tactical decision regarding whether to call specific witnesses . . . fall[s] squarely within the ambit of trial strategy . . . and if reasonably made will not constitute a basis for an ineffective assistance claim.") (quoting *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) and *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987)) (internal citations and quotation marks omitted), *report and recommendation adopted*, No. 16-CR-483 (JSR), 2022 WL 861832 (S.D.N.Y. Mar. 23, 2022) (Rakoff, J.).

      Respondent argues the testimony of the Rikers Island officers and any policies and procedures related to the detainment of persons set to be released likely would have fallen

11

outside the scope of the suppression hearing. Resp. Opp. at 10. The purpose of the hearing was to determine whether evidence should be suppressed based upon a constitutional violation based on the arrest effectuated by the NYPD. Testimony regarding Rikers Island policies would not bear on the question of whether Petitioner's constitutional rights had been violated by the NYPD. Furthermore, Detective Kiernan established during his testimony that the NYPD arranged for the Rikers Island officers to detain Petitioner *following* the completion of his sentence on the unrelated charge so they could interview him about the events of September 7, 2011. Policies related to the detainment of persons who are not yet released were thus not relevant to the circumstances of Petitioner's arrest and questioning.

     Lastly, Mr. Bandelli properly refrained from arguing Petitioner's statements should be suppressed as fruit of the poisonous tree stemming from an illegal arrest, because the prosecution had established through testimony that there was, in fact, probable cause to arrest Petitioner. Thus, the fruit of the poisonous tree argument would not have succeeded. Counsel is not ineffective for declining to pursue an unmeritorious claim. *See Gonzalez v. Lee*, No. 11-CV-5618 (MKB) (AYS), 2020 WL 10317399, at *10 (E.D.N.Y. Oct. 20, 2020) (Shields, Mag. J.) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance.") (quoting *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995)); *see also Johnson v. United States*, 779 F.3d 125, 130 (2d Cir. 2015). Mr. Bandelli's performance throughout the trial, and more specifically, his advocacy of Petitioner's Fourth Amendment claims, was not deficient. Petitioner therefore fails to meet the first prong of the *Strickland* standard.

     A court deciding an ineffective assistance of counsel claim need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. In any event, Petitioner clearly fails to demonstrate his Fourth Amendment

claim would have been meritorious and therefore cannot show he suffered actual prejudice under the second *Strickland* prong. *Rodriguez*, 2021 WL 4078621, at *7. Petitioner argues he was detained and arrested without probable cause or a warrant. Petition at 5. The record from the suppression hearings clearly establishes Floyd Hepburn identified Petitioner from a photo array, which the trial court found sufficient to support probable cause for Petitioner's arrest. R. 37-38, 101-03; Pre-Trial Suppression Ruling at 8. *See Stansbury v. Wertman*, 721 F.3d 84, 90 (2d Cir. 2013) ("[A]bsent circumstances that raise doubts as to the victim's veracity, a victim's identification is typically sufficient to provide probable cause.") (citation and internal quotations omitted); *see also Mara v. Rilling*, 921 F.3d 48, 73 (2d Cir. 2019) (eyewitness identification was sufficient to support probable cause). As the trial court properly determined after a hearing, Petitioner's Fourth Amendment claim has no merit. *See United States v. Pierce*, No. 17-CR-32, 2019 WL 468124, at *2 (W.D.N.Y. Feb. 6, 2019) (". . . the prejudice prong of the *Strickland* test is not met if a defendant cannot show, at a minimum, that he could have prevailed on a properly pursued suppression motion.") (quoting *McLary v. Conway*, 492 Fed. Appx. 157, 159 (2d Cir. 2012) (summary order)) (internal quotations and brackets removed). Petitioner's ineffective assistance of counsel claims as they relate to his Fourth Amendment claims are meritless and the Second Department and trial court's determinations were not contrary to or unreasonable applications of federal law. Thus, Petitioner's claims are denied.

### B. Claims Related to the Verdict

Petitioner argues he also received ineffective assistance of counsel when Mr. Bandelli declined to have the jury "harmonize" its verdict, which Petitioner argues was inconsistent and repugnant. Petition at 9-10. Petitioner raised this claim in his Motion to Vacate the Judgment,

and the trial court found the claim meritless. Order Denying Mot. to Vacate 7. The trial court's decision was not contrary to or an unreasonable application of federal law.

Petitioner was convicted of Murder in the Second Degree in violation of NYPL § 125.25(1) and Assault in the First Degree in violation of NYPL § 120.10(1). The elements of Assault in the First Degree include that the act is carried out "by means of a deadly weapon or a dangerous instrument." NYPL § 120.10(1). Petitioner was acquitted, however, of the charge of Criminal Possession of a Weapon in the Third-Degree in violation of NYPL § 265.01, which, *inter alia*, criminalizes the possession of any of the weapons on a list of enumerated weapons, "or any other dangerous or deadly instrument or weapon," where such weapon is possessed with the "intent to use [the weapon] unlawfully against another." NYPL §§ 265.02(1), 265.01(2). Upon receiving the verdict, the trial court asked Mr. Bandelli if the jury should be sent back to harmonize the verdict due to the "dramatic tension" between the Assault in the First Degree conviction and the Criminal Possession of a Weapon acquittal. R. 1033. Mr. Bandelli declined the court's offer. *Id*. Petitioner argues he received ineffective assistance from Mr. Bandelli because the verdict was inconsistent and repugnant, and the jury had not found Petitioner guilty of one of the elements of Assault in the First Degree.

Trial counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Inman v. Capra*, No. 6:17-CV-6218 CJS, 2020 WL 7770231, at *8 (W.D.N.Y. Dec. 30, 2020) (quoting *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005)); *Strickland*, 466 U.S. at 690. Actions or omissions by trial counsel that can be considered sound trial strategy generally do not constitute ineffective assistance of counsel. *Id*. (quoting *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005)).

Mr. Bandelli's decision not to send the verdict back to the jury did not fall below the objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Petitioner argued in his Motion to Vacate the Judgment that it would not have hurt Petitioner to send the verdict back because, at worst, Petitioner would have received a concurrent sentence on the weapons conviction and at best, he could have been acquitted of all charges. Motion to Vacate 11. However, Mr. Bandelli's decision not to send the verdict back to the jury was one of tactical strategy, as the decision may have avoided an additional conviction and sentence for Petitioner. The judge at the time of sentencing chose to impose the two sentences Petitioner's two counts of conviction upon Petitioner consecutively, not concurrently; Mr. Bandelli's decision, which was certain to avoid an additional conviction, therefore may have spared Petitioner a third consecutive sentence. R. 1048.

Moreover, trial counsel was not ineffective for making the strategic decision not to send the jury back to harmonize the verdict because the verdict was neither inconsistent nor repugnant.[4] A verdict as to a specific count is repugnant only when it is inconsistent when considering the elements of each crime as charged to the jury. *People v. Tucker*, 55 N.Y.2d 1, 4 (N.Y. 1981). If a jury cannot legally, in *any* conceivable—actual or theoretical—manner,

---

[4] Petitioner argues he received ineffective assistance of counsel because Mr. Bandelli chose not to send the allegedly inconsistent and repugnant verdict back to the jury. To the extent Petitioner's claim can be construed as a standalone claim alleging that the verdict was inconsistent and warrants reversal of the conviction, claims of inconsistent verdicts are not cognizable under federal habeas review. *Harris v. Rivera*, 454 U.S. 339, 345 (1981) ("Inconsistency in a verdict is not a sufficient reason for setting it aside."); *United States v. Powell*, 469 U.S. 57, 58, 64–65 (1984) ("[W]here truly inconsistent verdicts have been reached, '[the] most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.' . . . It is equally possible that the jury, convinced of guilt, properly reached its conclusion . . ., and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the [other] offense.") (citations omitted); *see, e.g.*, *Robinson v. Smith*, No. 09 CIV 8222 GBD AJP, 2011 WL 1849093, at *26 (S.D.N.Y. May 17, 2011) (Peck, Mag. J.), *report and recommendation adopted*, No. 09 CV 8222 GBD AJP, 2011 WL 3163466 (S.D.N.Y. July 26, 2011) (Daniels, J.); *Roberts v. New York*, No. 18-CV-5455 (JMA), 2019 WL 3302381, at *8 (E.D.N.Y. July 23, 2019) (Azrack, J.).

convict a defendant of one crime but not the other, then the verdict is repugnant. *People v. DeLee*, 24 N.Y.3d 603, 608 (N.Y. 2014).

In *People v. Muhammad*, the New York Court of Appeals held that the element of Assault in the First-Degree requiring the act to be carried out "by means of deadly weapon," and the "possession" element in a Criminal Possession of a Weapon charge are not equivalent. 17 N.Y.3d 532, 541-42 (N.Y. 2011). A jury may conclude that an assault by means of a deadly weapon occurred even without possessing said weapon. *Id*. There is a legal possibility that a jury could find a criminal defendant guilty of assault by means of a deadly weapon and not guilty of possessing the weapon used in the assault; therefore, such a verdict is not legally repugnant. *Id*. Accordingly, trial counsel was not ineffective in his decision not to send the jury back to harmonize the verdict. *See e.g.*, *Jones v. Annucci*, 124 F. Supp. 3d 103, 120 (N.D.N.Y. 2015) (concluding that because the verdict was not inconsistent, trial counsel could not be deemed ineffective for failing to object to the verdict); *Mitchell v. Artus*, No. 07 CIV. 4688 LTS AJP, 2008 WL 2262606, at *36 (S.D.N.Y. June 2, 2008) (Peck, Mag. J.) (same), *report and recommendation adopted*, No. 07 CIV 4688 LTS AJP, 2008 WL 3884373 (S.D.N.Y. Aug. 21, 2008) (Swain, J.).

## CONCLUSION

For the foregoing reasons, the Petition is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

**s/ WFK**

---

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2022
      Brooklyn, New York